# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-20827
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 7, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PHILIP WARE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-112-2

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Philip Ware was convicted of conspiracy to commit health-care fraud, in violation of 18 U.S.C. § 1349, and health-care fraud, in violation of 18 U.S.C. § 1347, and was sentenced to 46 months of imprisonment. On appeal, he challenges the sufficiency of the evidence to support his convictions, specifically urging that the evidence fails to show that he knowingly and deliberately joined a criminal venture, as was necessary to

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sustain his conspiracy conviction, or that he knowingly rather than accidentally participated in any fraudulent conduct, as was necessary to sustain his health-care fraud convictions.

A reasonable factfinder could have found the evidence sufficient to show Ware's knowledge of the conspiracy, his intent to join it, and his specific intent to defraud Medicare beyond a reasonable doubt. *See United States v. Umawa Oke Imo*, 739 F.3d 226, 235-36 (5th Cir. 2014) (citing *United States v. Moreno-Gonzalez*, 662 F.3d 369, 372 (5th Cir. 2011)); *see also United States v. Ismoila*, 100 F.3d 380, 387 (5th Cir. 1996). For example, coconspirator Simone Ball's testimony established that she and Ware entered into an agreement and willfully participated in a conspiracy with a friend through their company, Preferred Plus. She testified that they knowingly submitted claims to Medicare which plainly showed that they were billing for items of a much higher quality than those actually delivered. Ball's testimony further established that she and Ware eventually discovered that the reimbursement claims they were submitting to Medicare were themselves fake but that they nevertheless continued the scheme. According to Ball, Ware subsequently researched how to modify previously denied claims in order to secure additional reimbursements, then proceeded on his own to do so. *See United States v. Read*, 710 F.3d 219, 226 (5th Cir. 2012).

This testimony was corroborated by phone records that confirmed, among other things, that Ware alone called to modify falsely 105 previously denied claims for knee braces in an effort to receive additional fraudulent reimbursements. Bank records showed that, following those calls, Ware withdrew large sums of cash from the bank accounts to which the Medicare reimbursements were made. *See United States v. Soape*, 169 F.3d 257, 264 (5th Cir. 1999). Bank records further showed that Ware and Ball received

approximately $500,000 in Medicare and Medicaid reimbursements whereas they had only purchased approximately $20,000 worth of DME inventory. *See United States v. Davis*, 490 F.3d 541, 549-50 (6th Cir. 2007); *United States v. Pettigrew*, 77 F.3d 1500, 1519 (5th Cir. 1996).

Ware also lied to an inspector who sought to conduct an audit of Preferred Plus's records, telling the inspector that Ball had the records when she did not. This provides further circumstantial proof of Ware's guilty knowledge. S*ee United States v. Villarreal*, 324 F.3d 319, 325 (5th Cir. 2003); *United States v. Romero-Reyna*, 867 F.2d 834, 836 (5th Cir. 1989). To the extent that Ware argues that the evidence of his limited mental capacities undermined the government's evidence of specific intent, that argument is unavailing. *See United States v. Girod*, 646 F.3d 304, 314-15 (5th Cir. 2011). The jury clearly did not credit Ware's witnesses, and we accept "all credibility choices and reasonable inferences made by the trier of fact which tend to support the verdict." *See Oke Imo*, 739 F.3d at 235.

Accordingly, the district court's judgment is AFFIRMED.